IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

M.T., *et al.*,
    *Plaintiffs*,

v.

JOSEPH EDLOW, *et al.*,
    *Defendants*.

Case No. 25-cv-2431-ABA

**MEMORANDUM OPINION**

Plaintiffs are twelve individuals from Turkey and Tajikistan who entered the United States across the southern border without valid visas, and filed applications for asylum. After the U.S. Border Patrol initiated expedited removal proceedings against them, U.S. Citizenship and Immigration Services (USCIS) dismissed those asylum applications. The initiation of expedited removal and dismissal of the affirmative asylum applications has the effect of requiring Plaintiffs, insofar as they fear removal to Turkey and Tajikistan (or another country of removal), to assert such fear through the expedited removal process, as opposed to affirmatively. Plaintiffs have sued U.S. immigration authorities, seeking to reinstate their affirmative asylum applications. Defendants have moved to dismiss the claims and/or to sever the joined cases and transfer most of them. For the following reasons, the Court lacks subject matter jurisdiction over Plaintiffs' claims and will dismiss the case.

I.    **BACKGROUND**

Because the Court is evaluating its subject matter jurisdiction over Plaintiffs' allegations, it will accept as true the facts as stated in the amended complaint (ECF No. 17). As noted above, Plaintiffs are a group of twelve Turkish and Tajikistani citizens who

1

reside in the United States. ECF No. 17 ¶¶ 3–14. Plaintiffs immigrated to this country under similar circumstances. Each crossed into the United States from Mexico without a visa, and each was detained by U.S. immigration authorities before being released on parole. *Id.* ¶¶ 19–104. When all but two of the Plaintiffs arrived and was apprehended, a Form I-867A was completed, containing a record of the questioning that occurred.[1] Some Plaintiffs asserted a fear of being returned to their home country at that time. ECF No. 36-1 at 4; ECF No. 36-5 at 2; ECF No. 36-8 at 20-22; ECF No. 36-10 at 9. I-867A forms are not in the record for Plaintiffs Surucu (*see* ECF No. 38-1) or Boylu (*see* ECF No. 36-2). Each Plaintiff, including Surucu and Boylu, was released on parole.[2]

The government has also provided a Notice and Order of Expedited Removal (Form I-860) corresponding to each Plaintiff. *See* ECF Nos. 36, 38. The I-860 forms are dated for the same day as or one day following each of the corresponding I-867A forms. For Plaintiffs Surucu (ECF No. 38) and Boylu (ECF No. 36-2), their I-860 forms bear dates of October 19, 2024 and May 24, 2022, respectively.

---

[1] ECF No. 36-1 at 3 (Plaintiff Akarsu, June 14, 2022); ECF No. 36-3 at 3 (Plaintiff Coskun, June 8, 2022); ECF No. 36-4 at 5 (Plaintiff Dolunay, January 9, 2023); ECF No. 36-5 at 1 (Plaintiff Guduk, May 26, 2022); ECF No. 36-6 at 3 (Plaintiff Kacmaz, January 5, 2023); ECF No. 36-7 at 10 (Plaintiff Kurudag, July 4, 2022); ECF No. 36-8 at 19 (Plaintiff Abdullaev, February 28, 2022); ECF No. 36-9 at 2 (Plaintiff Turkoglu, May 26, 2022); ECF No. 36-10 at 7 (Plaintiff Tayyip Yilmaz, May 23, 2022); ECF No. 36-11 at 4 (Plaintiff Sinan Yilmaz, May 24, 2022). Plaintiffs initially filed this case using only their initials on the public docket. Counsel for Plaintiffs confirmed at the motions hearing that it was permissible to use Plaintiffs' full names.

[2] ECF No. 17-2 at 3 (Plaintiff Turkoglu); ECF No. 17-3 at 3 (Plaintiff Akarsu); ECF No. 17-4 at 3 (Plaintiff Kurudag); ECF No. 17-5 at 3 (Plaintiff Coskun); ECF No. 17-6 at 3 (Plaintiff Guduk); ECF No. 17-7 at 3–4 (Plaintiff Kacmaz); ECF No. 17-8 at 3 (Plaintiff Sinan Yilmaz); ECF No. 17-9 at 3 (Plaintiff Dolunay); ECF No. 17-10 at 3 (Plaintiff Surucu); ECF No. 17-11 at 3 (Plaintiff Boylu); ECF No. 17-12 at 3 (Plaintiff Tayyip Yilmaz).

The I-860, at least in the form that was completed for the Plaintiffs in this case, is a two-page form with four sections. The top half of the first page is entitled "DETERMINATION OF INADMISSIBILITY," and before the form is completed reads as follows:

> In the Matter of _____
>
> Pursuant to section 235(b)(l) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(l)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☐ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

*See, e.g.*, ECF No. 38-1 at 1. The bottom half of the first page is entitled "ORDER OF REMOVAL UNDER SECTION 235(b)(1) OF THE ACT," and before that section is completed it reads: "Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(l) of the Act, you are found to be inadmissible as charged and ordered removed from the United States" (followed by names and signatures of an "immigration officer" and "supervisor"). *Id*. The last two sections are a Certificate of Service by the immigration officer, and an Acknowledgement section with a space of the alleged noncitizen to "acknowledge receipt of th[e] notification." *Id*.

Sometime after Plaintiffs' I-860s were issued (but allegedly before they were served; there is a dispute about that), Plaintiffs timely filed affirmative applications for asylum. ECF No. 17 at 2. Those asylum applications were submitted between August 2022 and December 2024. *See, e.g.*, ECF No. 17-2 at 12 (Plaintiff Turkoglu's Form I-797C receipt notice from USCIS regarding his asylum application).

Then, in late May and early June 2025, USCIS issued a notice to most Plaintiffs that because he or she had been "placed in expedited removal, and issued a Form I-860," "[t]he asylum office cannot process" their affirmative asylum application (I-589) "at this time." *See, e.g.*, ECF No. 17-2 at 14 (all of the other letters contained the same language). Those dismissals did not constitute a rejection of Plaintiffs' "claim[s] of fear," but rather explained, "your claim of fear will be considered by an asylum officer through the credible fear screening process pursuant to 8 CFR 208.30." *Id*. The cited regulation governs "[c]redible fear determinations involving . . . applicants for admission found inadmissible pursuant to [8 U.S.C. § 1182(a)(6)(C) and (a)(7)]." 8 C.F.R. § 208.30. The USCIS notices also stated, "You will receive an appointment notice for your credible fear interview with the date and time at a later date." *See, e.g.*, ECF No. 17-2 at 14. Although nearly all of the Plaintiffs received the USCIS dismissal notices, Plaintiff Coskun did not, and discovered that her application was dismissed upon reviewing the online USCIS portal. *See* ECF No. 17-5 at 7.

The cancellation of Plaintiffs' affirmative asylum applications has a potentially permanent effect, as each Plaintiff is now past the deadline to apply affirmatively for asylum, which is presumptively one year after arrival. *See* 8 C.F.R. § 208.4(a)(2). The cancellation also has the potential effect of terminating Plaintiffs' employment authorizations without a clear path to renewal or preventing Plaintiffs who have not yet filed for work authorization from doing so. *See* 8 C.F.R. § 208.7; ECF No. 25 at 1–2.

Plaintiffs allege that, until this litigation, they were never served with any of the I-860 forms initiating expedited removal proceedings. ECF No. 17 at 3. Following this Court's order, the government produced and filed I-860 forms that were issued for all Plaintiffs. ECF Nos. 36, 38. For two of the Plaintiffs, Kurudag and Surucu, the

government has produced I-860s with the order fully completed—i.e., not just the Determination of Inadmissibility section, but also the Order of Removal section completed and executed by an immigration officer and supervisor. ECF No. 36-7, ECF No. 38. For all other Plaintiffs, the government has produced a Form I-860 in which only the top half of the form, the "Determination of Inadmissibility" section, is filled out. The rest of the form, including the section titled "Order of Removal," is entirely blank, with no name or signature of the immigration officer, no name or signature of the supervisor, and a blank certificate of service. *See, e.g.*, ECF No. 36-1 at 1.

After Plaintiffs filed an amended complaint in August 2024, ECF No. 17, they filed a motion for a temporary restraining order to reinstate the asylum applications and prevent the government from detaining or removing them. ECF No. 24 at 1–2. The government has moved to sever Plaintiffs' cases and transfer them to the jurisdictions where they live or where the USCIS field offices that handled their cases are located. ECF No. 27 at 18. The government also has argued in response to Plaintiffs' motion for a TRO that this Court lacks subject matter jurisdiction over Plaintiffs' claims. ECF No. 27 at 19. The Court held a hearing on the parties' motions on October 28, 2025. The parties then submitted supplemental briefing on the question of whether this Court has subject matter jurisdiction over Plaintiffs' claims. ECF Nos. 43, 44.

As of Plaintiffs' supplemental filing on November 12, Plaintiffs had not been detained, but Plaintiff Turkoglu was scheduled to participate in a Credible Fear Interview on November 20, 2025. ECF No. 44 at 6.

## II.   DISCUSSION

Before ruling on the merits of a case, a federal court must assure itself of subject matter jurisdiction at least "over the category of claim in suit." *Sinochem Int'l Co. v.*

*Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998)); *see also id.* (explaining that "jurisdictional questions ordinarily must precede merits determinations") (citing *Steel Co.*, 523 U.S. at 94).

Congress has limited the judiciary's review of executive branch immigration powers in several ways. Among other jurisdiction-stripping provisions, 8 U.S.C. § 1252(g) provides as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The Supreme Court has held that section 1252(g) "applies only to three discrete actions that the Attorney General may take," namely a "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g), emphasis in original).

Plaintiffs no longer dispute the existence of the partially-filled I-860 forms, which as noted above constitute "Notice[s] and Order[s] of Expedited Removal," although Plaintiffs dispute whether those forms were properly served on them before this litigation was filed. Thus, it is undisputed that the Department of Homeland Security, at least when Plaintiffs were encountered at the border, commenced proceedings against them pursuant to the expedited removal statute, 8 U.S.C. § 1225(b)(1). It is also undisputed that, although USCIS has "initial jurisdiction" over, for example, "[a]n

6

asylum application filed by an alien physically present in the United States or seeking admission at a port-of-entry," 8 C.F.R. § 208.2(a)(1)(i), the statute and regulations exclusively channel asylum claims brought during the expedited removal process through a separate procedure. Under 8 C.F.R. 208.30(a), promulgated by DHS, the expedited removal procedures outlined in the regulation are "the exclusive procedures applicable to . . . applicants for admission who are found inadmissible pursuant to section 212(a)(6)(C) or 212(a)(7) of the Act and who receive fear interviews, determinations, and reviews under section 235(b)(1)(B) of the Act." *See also* 8 U.S.C. § 1225(b)(1)(B) (outlining the asylum interview and adjudication process for applicants for admission who are found inadmissible but indicate an intention to apply for asylum or fear of persecution); 8 C.F.R. § 208.2(a) (giving USCIS jurisdiction over the initial interview of applicants for admission who indicate an intention to apply for asylum or a fear of persecution). In summary, once the government commences expedited removal proceedings against an individual, USCIS no longer has the authority to adjudicate that individual's separate, affirmative application for asylum.

Although the dismissal of their affirmative asylum applications was based on the commencement of expedited removal proceedings against them, Plaintiffs argue that USCIS was prohibited from dismissing the applications because the Form I-860s (1) were not served on them until after this case was filed, and (2) some of the Plaintiffs' I-860s "lack[] the required signatures of the immigration officer and supervisory official, as well as proper certification of service." ECF No. 24-1 at 2.

Defendants argue that this Court lacks jurisdiction over Plaintiffs' claims because "Plaintiffs' challenge to USCIS's dismissal of their I-589s" is "based on alleged deficiencies in the underlying I-860s," which were the forms that, among other things,

7

operated to commence expedited removal proceedings. ECF No. 27 at 19. Defendants point to 8 U.S.C. § 1252(g) and also argue that three other parts of section 1252 also strip this Court of jurisdiction over Plaintiffs' claims (*see* ECF No. 43):

- § 1252(a)(2)(A)(i): "[N]o court shall have jurisdiction to review . . . except as provided in [§ 1252(e)], any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title [the expedited removal statute]."

- § 1252(e)(5): "In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."

- § 1252(b)(9) (entitled "Consolidation of questions for judicial review"): "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.")."

Plaintiffs argue these jurisdiction-stripping provisions do not apply to their claims because, at bottom, their claims challenge the dismissal of their asylum applications, not the commencement or execution of expedited removal proceedings. *See* ECF No. 24-1 at 6–8; ECF No. 44. They correctly note that section 1252(g) is "narrow[]," and not meant to apply to "all steps along the deportation process. ECF No. 44 at 9. Courts have frequently held that section 1252(g) does not prevent judicial review of, for example, habeas claims related to unlawful detention. *See, e.g.*, *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d Cir. 2025). But Plaintiffs are not detained and thus habeas does

8

not apply. And unlike a habeas challenge to detention, which can be "resolved without affecting pending removal proceedings," *id.* at 398 (quotation omitted), Plaintiffs' challenge to the dismissal of their asylum claims would require the Court to review the government's commencement of removal proceedings.

Plaintiffs' requested relief necessarily seeks an order invalidating the government's commencement of expedited removal proceedings. For each Plaintiff, at least the top portion of the Form I-860 has been filled out. ECF Nos. 36, 38. That means the government determined that each Plaintiff was "inadmissible" at the time of their entry and is "subject to [expedited] removal." *See, e.g.*, ECF No. 36-1 at 1 (the same language is contained in the forms for each Plaintiff). The issuance of these forms establishes that the government has commenced expedited removal proceedings against each Plaintiff. Plaintiffs were later notified that their asylum applications were being dismissed because they were in expedited removal proceedings, giving rise to the instant suit. Plaintiffs have requested that their asylum applications be reinstated. But USCIS does not have authority to adjudicate separate asylum applications by persons who are in expedited removal proceedings outside the "exclusive procedures" of expedited removal, 8 C.F.R. § 208.30(a). To grant Plaintiffs the relief they seek, the Court would be required to find that removal proceedings were not commenced against them or were commenced unlawfully. This, by definition, would force the Court to do what section 1252(g) expressly forbids: invalidate the government's commencement of removal proceedings.

This reasoning is analogous to the reasoning in *Martinez v. Garland*, Case No. 20-cv-977-PX, 2021 WL 4060434 (D. Md. Sept. 7, 2021). In that case, the plaintiff was determined to be inadmissible and was issued an expedited order of removal. *Id.* at *2.

9

Ms. Martinez alleged that she was never properly served with the order, and re-entered the United States a few days later. *Id.* After living in the U.S. for fifteen years, Ms. Martinez traveled abroad and was denied a return visa. *Id.* She then sued to reverse the denial of her visa. Judge Xinis held that another jurisdiction-stripping provision, 8 U.S.C. § 1252(a)(2), barred judicial review of Ms. Martinez's claims. As noted above, that section prevents courts from reviewing the implementation or operation of expedited orders of removal. Even though Ms. Martinez's suit challenged only the visa denial, her claims were "a way to indirectly challenge [the] previous expedited removal order," because to reverse the visa denial would necessarily entail invalidating the expedited removal order. *Id.* at *4. Though the Court here relies on a different provision of section 1252, the same logic applies, as discussed above. *See also Duncan v. Kavanagh*, 439 F. Supp. 3d 576, 585–86 (D. Md. 2020) (applying reasoning similar to *Martinez* to find jurisdiction lacking under a third jurisdiction-stripping provision, section 1252(b)(9)).[3] Because the Court here would necessarily have to find that removal proceedings were *not* commenced (or were commenced unlawfully) in order to reinstate Plaintiffs' asylum applications, section 1252(g) prevents federal judicial review.

    The Court concludes that section 1252(g) precludes its review of Plaintiffs' specific claims here without reaching the question of whether any other provision in

---

[3] The government has also argued that section 1252(a)(2), the same provision applied in *Martinez*, should strip jurisdiction here, arguing that Plaintiffs' asylum denials are related to expedited orders of removal. *See also Arora v. United States Dep't of Homeland Sec.*, Case No. 25-cv-07064-RFL, 2025 WL 3641586 (N.D. Cal. Dec. 16, 2025) (dismissing a similar case for lack of jurisdiction under § 1252(a)(2)). There is uncertainty in the record regarding whether the I-860 forms constitute *orders* of removal, as the portion of the form labeled "order" is blank (for all but two Plaintiffs). The Court need not resolve whether section 1252(a)(2) applies because, regardless, it lacks jurisdiction under section 1252(g).

section 1252 also precludes review. In light of the statutory and regulatory framework, the decision Plaintiffs challenge is effectively the commencement of expedited removal proceedings. Accordingly, section 1252(g) precludes this Court's review of Plaintiffs' claims.

Because the Court is without jurisdiction, it will deny all pending motions as moot and dismiss the action.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Plaintiffs' motion for a temporary restraining order (ECF No. 24) is DENIED;

2. Defendants' motion to sever and transfer (ECF No. 27) is DENIED;

3. The case is DISMISSED, and the Clerk is directed to mark this case as CLOSED.

Date:  December 30, 2025

/s/
Adam B. Abelson
United States District Judge